IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02650-GPG

ROBERT CHURCH,

    Plaintiff,

v.

THORNTON POLICE DEPARTMENT,
ADAMS COUNTY COURT,
ADAMS COUNTY JUDGE DAVID BLACKETT,
ADAMS COUNTY PUBLIC DEFENDER JENNY PERRY,
ADAMS COUNTY POLICE, and
ADAMS COUNTY JAIL,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Robert Church, initiated this action by filing *pro se* a Complaint (ECF No. 1). On November 8, 2017, Magistrate Judge Gordon P. Gallagher ordered Mr. Church to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. More specifically, Magistrate Judge Gallagher noted that Mr. Church failed to provide a short and plain statement of the grounds for the Court's jurisdiction and he failed to provide a short and plain statement of any claims showing he is entitled to relief.

    On December 5, 2017, Mr. Church filed a Prisoner Complaint (ECF No. 7) although he does not appear to be incarcerated. On December 12, 2017, Magistrate Judge Gallagher entered an order directing Mr. Church to file a second amended complaint. Magistrate Judge Gallagher determined the Prisoner Complaint also failed to

comply with the pleading requirements of Rule 8 because Mr. Church still did not identify the statutory authority that allows the Court to consider his claims and he still did not provide a short and plain statement of any claims showing he is entitled to relief. Magistrate Judge Gallagher warned Mr. Church that, if he failed to file a second amended complaint that complies with the pleading requirements of Rule 8 within thirty days, the action would be dismissed without further notice.

Mr. Church has not filed a second amended complaint within the time allowed and he has failed to respond in any way to Magistrate Judge Gallagher's December 12 order. Therefore, the Court reviews the Complaint (ECF No. 1) and the Prisoner Complaint (ECF No. 7). The Court must construe the papers filed by Mr. Church liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the action will be dismissed.

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).   Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.   As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The Court agrees with Magistrate Judge Gallagher that Mr. Church's vague and conclusory allegations in the Complaint and the Prisoner Complaint do not provide a short and plain statement of any claims that demonstrate he is entitled to relief.   As a result, Mr. Church fails to provide Defendants fair notice of the specific claims being asserted against them and the specific factual allegations that support the claims.   Furthermore, despite the specific instructions provided by Magistrate Judge Gallagher, Mr. Church has failed to file a second amended complaint that clarifies his claims.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.");

*Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

The action will be dismissed because the Complaint and the Prisoner Complaint do not comply with the pleading requirements of Rule 8. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint (ECF No. 1), the Prisoner Complaint (ECF No. 7), and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Church has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this   18th   day of   January  , 2018.

BY THE COURT:


  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court